BARR & SHOULBERG, Plaintiff, v. YELLOW TAXI CORPORATION and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, June, 1933.

856

*Maslon & Shapiro* [*Sidney Moskowitz* of counsel], for the plaintiff.

*James J. Doherty*, for the defendants.

MARKS, Official Referee. While the defendant under its incorporation certificate may engage in the business of a common carrier of goods for hire, its taxicabs are intended only for passengers, and do not hold themselves out as express wagons. As a common carrier of passengers, it is liable for injury to its passengers due to its negligence or that of its drivers and for loss of such baggage as is usually or customarily carried by passengers and put into the cab. Its cabs may also carry trunks of passengers. The amount that may be charged for carrying passengers is regulated by the city ordinance. These cabs are not licensed as carriers of merchandise. They are licensed under city ordinances known as hack licenses. A driver may not refuse to carry a passenger, but may refuse to carry a stock of merchandise or a load of furniture. The fact, however, remains that we may almost take judicial notice of the fact that they are used at times for this latter purpose. The manner in which the taxicabs must conduct their business and the rates are all prescribed by ordinance. The cabs are not required to carry merchandise for every person who may desire to employ them. It would require a different license permitting them to carry merchandise — to collect and make deliveries whether accompanied by the owner or not. But when, as an accommodation to a passenger, he permits his cab to be loaded with merchandise — not personal traveling effects — he owes a duty to exercise care to prevent its theft when by the exercise of the slightest care and the observance of his duty as prescribed by the ordinance he could have avoided the loss. Clothed with apparent authority to permit

goods accompanying a passenger to be placed in his cab, the driver cannot stand by and permit a stranger to steal them after the driver has undertaken their care. Had my attention been called by counsel upon the trial to the ordinance that I found upon my examination after receiving the notice of motion for " a reargument of the decision made and entered herein " (a somewhat strange application), I should have been obliged to decide in favor of the plaintiff. Counsel apparently has not read the ordinances applicable.

The direct and proximate cause of this loss after the driver had permitted the coats to be placed in his custody and received plaintiff's employee as a passenger was his violation of an ordinance with which he is presumed to have been familiar, which provides that " no driver of a licensed hack [which includes a taxicab] shall carry any other person than the passenger first employing a hack, without the consent of said passenger." (N. Y. Code of Ord. chap. 14, art. 18, § 103.)

The plaintiff's employee by hailing the cab, placing the bundle in it and also his books, must be presumed to have engaged and entered the cab, and, when he told the driver to wait a minute and he turned away to take his hand car to the plaintiff's premises, this gave no consent to the driver to permit a stranger to enter the cab and give instructions to drive on. The driver's passenger was the plaintiff's employee only. Permitting a stranger to enter, unaccompanied by his original passenger, was a stupid, reckless and negligent act in violation of the ordinance, and this ordinance may be taken into account and consideration by me upon the question of the liability of the defendant. Under the circumstances, it may well be held that, as a common carrier of a passenger and any small bundle of merchandise or property that he chooses to bring with him into a cab and that is accepted by its driver for carriage with the passenger, the defendant becomes liable under the rule applicable to loss of property by a common carrier.

The judgment entered in this action in favor of the defendant upon the decision heretofore rendered by me is vacated and set aside, and a new trial granted upon the ground that the decision and judgment are against the evidence and weight of undisputed evidence and contrary to law.